ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 2 - 2006
U.S. COURT OF FEDERAL CLAIMS

HERMES CONSOLIDATED, INC., Doing Business As Wyoming Refining Company,

Plaintiff,

vs.

THE UNITED STATES,

Defendant.

No. 06-745 C

## COMPLAINT

For its Complaint, Plaintiff Hermes Consolidated, Inc., doing business as Wyoming Refining Company, alleges as follows:

## THE PARTIES

1. Plaintiff Hermes Consolidated, Inc., doing business as Wyoming Refining Company, is a Delaware corporation with its principal place of business in Denver, Colorado.

2. Defendant is the United States acting, *inter alia*, through the Defense Energy Support Center ("DESC"). DESC is a field activity of the Defense Logistics Agency ("DLA"), which is a component of the Department of Defense. DESC previously was known as the Defense Fuel Supply Center.

## JURISDICTION

3. This Court has jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491 (2002), 41 U.S.C. §§ 601-13 (2002), and U.S. Const. amend. V.

## BACKGROUND

### I. THE CONTRACT

4. From at least 1980 to 1999, DESC was the largest purchaser of fuel in the United States and the sole purchaser and user of military grade fuels. During this period, DESC

purchased over $90 billion of military fuel. By virtue of DESC's market position, DESC had substantial market power and a substantial ability to affect the prices it paid for military fuel.

5. In 1999, Plaintiff and DESC entered a long-term contract (SPO600-99-D-504) involving the purchase of approximately $14.7 million of military fuel. The contract provided for the purchase of JP-8 military fuel at Plaintiff's refinery in Wyoming.

6. Plaintiff's contract contained DESC's standard price adjustment clause. DESC's price adjustment clause permitted DESC to change the monthly price it paid Plaintiff for fuel by as much as 60 percent of the contract price. On information and belief, DESC knew that the index it used to adjust prices was not appropriate for this purpose.

7. DESC has acknowledged at least two authorized purposes for its price adjustment clause: First, to protect DESC and Plaintiff against market fluctuations, and, second, to ensure that the prices DESC paid Plaintiff for military fuel under the long-term contract reflected at least fair market value.

8. A January 5, 1993 memorandum from DLA's Deputy Director, Directorate Contracting and Production, states that DESC's standard price adjustment clause was intended both to "ensure[] that the contract price will be awarded and remain at the market price," and to "ensure[] that the sale will be at the market price, which is fair and reasonable."

9. As a result of DESC's use of its price adjustment clause, DESC paid Plaintiff prices for military fuel that were materially below fair market value and were not fair and reasonable.

## II. PLAINTIFF'S CLAIM

10. Pursuant to the Contract Disputes Act, Plaintiff submitted a certified claim under the contract to DESC's contracting officer on September 6, 2005, seeking relief from DESC's military fuel prices.

## III. DESC'S FINAL DECISION

11. On November 7, 2005, DESC's contracting officer issued a final decision on Plaintiff's claim.

12. In its final decision, DESC denied that Plaintiff was entitled to any recovery and denied Plaintiff's claim.

13. Pursuant to the Contract Disputes Act, Plaintiff hereby timely files suit upon and appeals the entirety of DESC's November 7, 2005 final decision.

**COUNT I**
**(Illegality)**

14. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13, above.

15. DESC knowingly awarded and administered Plaintiff's contract in violation, *inter alia*, of FAR § 16.203 by basing price adjustments on an index rather than on Plaintiff's own established fuel prices.

16. Even if FAR § 16.203 permitted DESC to base price adjustments on indexes rather than on Plaintiff's own established fuel prices, DESC knowingly awarded and administered Plaintiff's contract in violation, *inter alia*, of FAR § 16.203 by basing price adjustments on an index that was not market-based, was not designed or intended to be used to set or adjust prices, and did not reflect at least the fair market value of military fuel.

17. DESC knowingly awarded and administered Plaintiff's contract in violation, *inter alia*, of FAR § 15.802(b) [currently codified at FAR § 15.402(a)] by using an index to establish prices for military fuel that were not fair and reasonable.

18. DESC thus combined its substantial market power and substantial ability to affect the price of military fuel with a knowing violation of law and regulation to reduce the price it paid for military fuel below fair market value.

19. DESC's violation of law and regulation in awarding and administering Plaintiff's contract damaged Plaintiff.

20. Plaintiff is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $1,561,288.52, plus interest, by way of reformation, *quantum valebant*, or rescission and restitution.

**COUNT II**
**(Misrepresentation)**

21. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 20, above.

22. DESC knowingly awarded and administered Plaintiff's contract in violation of law and regulation.

23. In awarding and administering Plaintiff's contract, DESC knowingly based price adjustments on an index that was not adequate to accomplish the stated purposes of DESC's price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value.

24. In awarding and administering Plaintiff's contract, DESC knowingly based price adjustments on an index that was not designed or intended to be used to set or adjust prices and which did not reflect at least the fair market value of military fuel.

25. In awarding and administering Plaintiff's contract, DESC knew that the contract did not provide for payment of at least the fair market value of military fuel and knew that the contract did not provide for fair and reasonable prices.

26. In awarding and administering the contract, DESC, through the contracting officer and others, misrepresented and otherwise failed to disclose its violation of law and regulation.

27. In awarding and administering the contract, DESC, through the contracting officer and others, misrepresented and otherwise failed to disclose that it based price adjustments on an index that was not adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value.

28. In awarding and administering the contract, DESC, through the contracting officer and others, misrepresented and otherwise failed to disclose that the index used was not designed or intended to be used to set or adjust prices and did not reflect at least fair market value.

29. In awarding and administering the contract, DESC, through the contracting officer and others, misrepresented and otherwise failed to disclose that the contract did not provide for payment of at least fair market value for military fuel and did not provide for fair and reasonable prices.

30. Plaintiff reasonably relied upon DESC's material and/or fraudulent misrepresentations as an inducement to enter the contract.

31. DESC's material and/or fraudulent misrepresentations damaged Plaintiff.

32. Plaintiff is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $1,561,288.52, plus interest, by way of rescission and restitution, damages, or reformation.

**COUNT III**
**(Breach of Contract)**

33. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32, above.

34. DESC's compliance with law and regulation in awarding and administering the contract was a material condition of the contract upon which Plaintiff reasonably relied in entering the contract.

35. DESC's basing price adjustments on an index that was adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value was a material condition of the contract upon which Plaintiff reasonably relied in entering the contract.

36. DESC's basing price adjustments on standards that were designed or intended to be used to set or adjust prices and which reflected at least the fair market value of fuel was a material condition of the contract upon which Plaintiff reasonably relied in entering the contract.

37. DESC's paying at least fair market value for military fuel and DESC's paying fair and reasonable prices were material conditions of the contract upon which Plaintiff reasonably relied in entering the contract.

38. DESC's negotiating and administering the contract in good faith was a material condition of the contract upon which Plaintiff reasonably relied in entering the contract.

39. In contravention of DESC's contractual obligations, DESC violated law and regulation in awarding and administering the contract.

40. In contravention of DESC's contractual obligations, DESC based price adjustments on an index that was not adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value.

41. In contravention of DESC's contractual obligations, DESC based price adjustments on standards that were not designed or intended to be used to set or adjust prices and which did not reflect at least the fair market value of fuel.

42. In contravention of DESC's contractual obligations, DESC did not pay at least fair market value for military fuel and did not pay fair and reasonable prices for fuel.

43. In contravention of DESC's contractual obligations, DESC did not negotiate and administer the contract in good faith. Instead, DESC used a non-negotiable illegal price adjustment clause that based price adjustments on an index.

44. DESC's contravention of its contractual obligation constituted breach of contract.

45. DESC's breach of contract damaged Plaintiff.

46. Plaintiff is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $1,561,288.52, plus interest, by way of rescission and restitution, or damages.

**COUNT IV**
**(Implied-In-Fact Contract)**

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 46, above.

48. DESC knowingly awarded and administered Plaintiff's contract in violation of law and regulation.

49. DESC's violation of law and regulation in awarding and administering Plaintiff's contract rendered at least the price terms of Plaintiff's contract invalid and unenforceable.

50. DESC's violation of law and regulation in awarding and administering Plaintiff's contract damaged Plaintiff.

51. At least the pricing terms of Plaintiff's contract are replaced by an implied-in-fact contract to pay the fair market value of the fuel Plaintiff delivered to DESC.

52. Plaintiff is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $1,561,288.52, plus interest, by way of an implied-in-fact contract and/or *quantum valebant*.

**COUNT V**
**(Failure of Consideration And Frustration of Purpose)**

53. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, above.

54. DESC's compliance with law and regulation in awarding and administering the contract was a material part of the consideration upon which Plaintiff reasonably relied in entering the contract and a material purpose of the contract.

55. DESC's basing price adjustments on an index that was adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value was a material part of the consideration upon which Plaintiff reasonably relied in entering the contract and a material purpose of the contract.

56. DESC's basing price adjustments on standards that were designed or intended to be used to set or adjust prices and that reflected at least the fair market value of fuel was a material part of the consideration upon which Plaintiff reasonably relied in entering the contract and a material purpose of the contract.

57. DESC's paying at least fair market value for the military fuel it purchased and DESC's paying fair and reasonable prices were a material part of the consideration upon which Plaintiff reasonably relied in entering the contract and a material purpose of the contract.

58. DESC's negotiating the contract in good faith was a material part of the consideration upon which Plaintiff reasonably relied in entering the contract and a material purpose of the contract.

59. DESC violated law and regulation in awarding and administering the contract.

60. DESC based price adjustments on an index that was not adequate to accomplish the stated purposes of its price adjustment clause to protecting against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value.

61. DESC based price adjustments on an index that was not designed or intended to be used to set or adjust prices and that did not reflect at least fair market value.

62. DESC did not pay at least fair market value for military fuel or pay fair and reasonable prices.

63. DESC did not negotiate the contract in good faith.

64. DESC's violation of law and regulation in awarding and administering the contract constituted a failure of consideration and frustrated the purpose of the contract.

65. DESC's failure to base price adjustments on an index that was adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value constituted a failure of consideration and frustrated the purpose of the contract.

66. DESC's use of an index that was not designed or intended to be used to set or adjust prices and that did not reflect at least fair market value constituted a failure of consideration and frustrated the purpose of the contract.

67. DESC's failure to pay at least fair market value for military fuel and its failure to pay fair and reasonable prices constituted a failure of consideration and frustrated the purpose of the contract.

68. DESC's failure to negotiate the contract in good faith constituted a failure of consideration and frustrated the purpose of the contract.

69. This failure of consideration and frustration of the purpose of the contract damaged Plaintiff.

70. Plaintiff is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $1,561,288.52, plus interest, by way of rescission and restitution.

**COUNT VI**
**(Mistake)**

71. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 70, above.

72. Plaintiff entered and performed the contract with the intent that it comply with law and regulation. This was a material condition upon which Plaintiff reasonably relied in entering the contract.

73. Plaintiff entered and performed the contract with the intent that the index used was adequate to accomplish the stated purposes of DESC's price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value. This was a material condition upon which Plaintiff reasonably relied in entering the contract.

74. Plaintiff entered and performed the contract with the intent that the standards used to make price adjustments were designed or intended to be used to set or adjust prices and

reflected at least fair market value. This was a material condition upon which Plaintiff reasonably relied in entering the contract.

75. Plaintiff entered and performed the contract with the intent that DESC pay at least fair market value for military fuel and pay fair and reasonable prices. This was a material condition upon which Plaintiff reasonably relied in entering the contract.

76. DESC did not comply with law and regulation in awarding and administering the contract.

77. DESC did not use an index that was adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value.

78. DESC based price adjustments on an index that was not designed or intended to be used to set or adjust prices and that did not reflect at least fair market value.

79. DESC did not pay fair market value for military fuel or pay fair and reasonable prices.

80. If DESC did not knowingly award and administer the contract in violation of law and regulation, as alleged above, then DESC must be presumed to have intended to award and administer the contract in accordance with law and regulation.

81. If DESC did not know that the index used was not adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value, as alleged above, then DESC must be presumed to have used the index with the intent that it was adequate to accomplish the stated purposes of its price adjustment clause.

82. If DESC did not know that the index used was not designed or intended to be used to set or adjust prices and did not reflect at least fair market value, as alleged above, then DESC must be presumed to have used the index with the intent that it was designed or intended to be used to set or adjust prices and reflected at least fair market value.

83. If DESC did not knowingly fail to pay at least fair market value for military fuel and did not knowingly fail to pay prices that were fair and reasonable, as alleged above, then DESC must be presumed to have intended to pay at least fair market value for military fuel and to have intended to pay fair and reasonable prices.

84. As a result of a mistake, DESC and Plaintiff entered and performed the contract in violation of law and regulation.

85. As a result of a mistake, DESC and Plaintiff entered and performed the contract using an index that was not adequate to accomplish the stated purposes of DESC's price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value.

86. As a result of a mistake, DESC and Plaintiff entered and performed the contract using an index that was not designed or intended to be used to set or adjust prices and did not reflect at least fair market value.

87. As a result of a mistake, DESC and Plaintiff entered and performed the contract that did not provide for the payment of at least fair market value for military fuel and did not provide for payment of fair and reasonable prices.

88. If DESC and Plaintiff had not been mistaken, DESC and Plaintiff would not have entered and performed the contract in violation of law and regulation.

89. If DESC and Plaintiff had not been mistaken, DESC and Plaintiff would not have entered and performed the contract using an index that was not adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value

90. If DESC and Plaintiff had not been mistaken, DESC and Plaintiff would not have entered and performed the contract using an index to set or adjust prices.

91. If DESC and Plaintiff had not been mistaken, DESC and Plaintiff would not have entered and performed the contract that did not provide for the payment of at least fair market value for military fuel and did not provide for payment of fair and reasonable prices.

92. Alternatively, if DESC was not mistaken in awarding and administering contract in violation of law and regulation, then DESC knew or should have known of Plaintiff's mistake and failed to meet its duty timely to disclose this mistake to Plaintiff.

93. Alternatively, if DESC was not mistaken in awarding and performing the contract using an index that was not adequate to accomplish the stated purposes of its price adjustment clause to protect against market fluctuations and to ensure that the prices DESC paid for military fuel reflected at least fair market value, then DESC knew or should have known of Plaintiff's mistake and failed to meet its duty timely to disclose this mistake to Plaintiff.

94. Alternatively, if DESC was not mistaken in awarding and performing contract using an index to set or adjust prices, then DESC knew or should have known of Plaintiff's mistake and failed to meet its duty timely to disclose this mistake to Plaintiff.

95. Alternatively, if DESC was not mistaken in entering and performing contract that did not provide for payment of at least fair market value for military fuel and that did not provide

for payment of fair and reasonable prices, then DESC knew or should have known of Plaintiff's mistake and failed to meet its duty timely to disclose this mistake to Plaintiff.

96. The parties' mutual mistake and/or DESC's failure to disclose Plaintiff's unilateral mistake damaged Plaintiff.

97. Plaintiff is entitled to recover based on the fair market value of the fuel it delivered to DESC in an amount of at least $1,561,288.52, plus interest, by way of reformation, or rescission and restitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

1. $1,561,288.52, plus interest, or such further amount as established prior to judgment;

2. Such other and further relief, including attorney fees, as the Court may deem just and equitable.

Respectfully submitted,

J. Keith Burt

J. Keith Burt
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006
(202) 263-3208 (phone)
(202) 263-5208 (fax)

Counsel for Plaintiff
Hermes Consolidated, Inc.
Doing Business As
Wyoming Refining Company

*Of Counsel:*

Adrian L. Steel, Jr.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006

November 2, 2006